ORIGINAL

1  Anna Y. Park, SBN 164242 (CA)
   Wilfredo Tungol 2550 (HI)
2  U.S. EQUAL EMPLOYMENT
   OPPORTUNITY COMMISSION
3  255 East Temple Street, Fourth Floor
   Los Angeles, CA 90012
4  Telephone: (213) 894-1083
   Facsimile: (213) 894-1301
5  E-Mail: lado.legal@eeoc.gov

6  Attorneys for Plaintiff
   U.S. EQUAL EMPLOYMENT
7  OPPORTUNITY COMMISSION

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 17 2007

at 10 o'clock and 05 min A M.
SUE BEITIA, CLERK

# UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> SEVEN-ELEVEN OF HAWAII, INC., SEVEN-ELEVEN JAPAN CO, LTD, AND DOES 1-10, INCLUSIVE <br><br> Defendant(s). | Case No.: CV07-00478 SPK BMK <br><br> **COMPLAINT-CIVIL RIGHTS EMPLOYMENT DISCRIMINATION** <br><br> **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION AND JURISDICTION

This is an action under Title I of American with Disabilities Act of 1990 ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to seek relief on behalf of Robert Galam, the Charging Party, who was adversely affected by such practices. Plaintiff U.S. Equal Employment Opportunity Commission alleges that Defendants Seven-Eleven of Hawaii, Inc., Seven-Eleven Japan Co. Ltd, and Does 1-10

-1-

Case No. _____

Seven-Eleven of Hawaii, Inc., Seven-Eleven Japan Co. Ltd, and Does 1-10 ("Defendants") unlawfully disclosed confidential medical information of Robert Galam in violation of Section 102 of the ADA, 42 U.S.C. § 12112(d).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference §§ 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and pursuant to § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Hawaii.

## PARTIES

3. Plaintiff, the U.S Equal Employment Opportunity Commission ("EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by § 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference § 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendants were and have continuously been a Hawaii corporation doing business in the City of Haleiwa, State of Hawaii and have continuously had at least 15 employees.

5. At all relevant times, Defendants have continuously been continuously been a Hawaii corporation doing business in the City of Haleiwa, State of Hawaii and have continuously had at least 15 employees.

6. At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of § 101(5) of the ADA, 42 U.S.C. § 12111(5), and § 101(7) of the ADA, 42 U.S.C. § 12111(7),

which incorporates by reference §§ 701(g) and (h) of Title VII, 42 U.S.C. §§ 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

7. At all relevant times, Defendants have been a covered entity under § 101(2) of the ADA, 42 U.S.C. § 12111(2).

8. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, employee, alter ego, indirect employer, joint employer or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

9. Plaintiff is ignorant of the true names and capacities of each defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff sues said defendants by fictitious names. Plaintiff reserves the right to amend the complaint to name each DOE defendant individually or corporately as it becomes known. Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

**CONDITIONS PRECEDENT**

10. More than thirty (30) days prior to the institution of this lawsuit, Robert Galam filed a charge of the with the Commission alleging that Seven-Eleven violated Title I of the ADA.

11. Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect Defendants' voluntary compliance with Title I through

informal methods of conciliation, conference, and persuasion.

12.  Prior to the institution of this lawsuit, all conditions precedent were satisfied.

## STATEMENT OF CLAIMS

13.  Since at least January 2003, Defendants have engaged in lawful employment practices in violation of § 102(a) and (d)(3), 42 U.S.C. § 12112(d)(3). Specifically, Defendants unlawfully disclosed confidential medical information (heart condition) of their employee, Robert Galam, to a prospective employer, Turtle Bay Resorts.

14.  The effect of the practices complained of as described in paragraph 13 has been to deprive Robert Galam of equal employment opportunities.

15.  The unlawful employment practices in paragraph 13 above were intentional.

16.  The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Robert Galam.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with each of them, from engaging in any employment practices which discriminates on the basis of disability.

B.  Order Defendants to institute and carry out policies, practices, and programs to ensure that they would not engage in lawful employment practices in violation of § 102(a) and (d)(3), 42 U.S.C. § 12112(d)(3)

C.  Order Defendants to make whole Robert Galam by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in the amounts to be determined at trial.

Case No. ____

D. Order Defendants to make whole Robert Galam by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above in the amounts to be determined at trial. The non-pecuniary losses include emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial.

E. Order Defendants to pay Robert Galam punitive damages for its malicious and/or reckless conduct in an amount to be determined at trial.

F. Award the Commission its costs of this action.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

Dated: September 17, 2007     BY: *[signature]*

ANNA Y. PARK
Regional Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

WILFREDO TUNGOL
Trial Attorney

Case No. ____