IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) ) | CIV. NO. 07-00478-SPK-BMK |
| Plaintiffs, | ) ) | SPECIAL MASTER'S REPORT RECOMMENDING THAT |
| vs. | ) ) ) | DEFENDANT'S MOTION FOR ATTORNEY'S FEES BE DENIED |
| SEVEN-ELEVEN OF HAWAII, INC. AND DOES 1-10, INCLUSIVE | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

SPECIAL MASTER'S REPORT RECOMMENDING THAT DEFENDANT'S
MOTION FOR ATTORNEY'S FEES BE DENIED

The U. S. Equal Employment Opportunity Commission (EEOC) commenced this action on September 17, 2007, alleging in the Complaint that Defendant Seven-Eleven of Hawaii (Seven-Eleven) unlawfully disclosed confidential medical information in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112(d)(3). On June 9, 2008, the Court granted summary judgment in favor of Defendant. On June 23, 2008, Defendant filed a motion for award of attorney's fees in the amount of $69,860. After careful consideration of the motion, the supporting and opposing memoranda, and the relevant legal

standard, the Special Master RECOMMENDS that Seven-Eleven's motion for attorney's fees be DENIED.

## STANDARD OF REVIEW

Under the Americans with Disabilities Act (ADA) the prevailing party may, at the discretion of the court, recover "a reasonable attorney's fee". 42 U.S.C. § 12205. Prevailing defendants may be awarded attorney's fees where the plaintiff's cause of action was "frivolous, unreasonable, or groundless". Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978). The Ninth Circuit has held that only in "exceptional circumstances" should attorney's fees be awarded to a prevailing defendant in a civil rights case. Barry v. Fowler, 902 F.2d 770, 773 (1990).

## DISCUSSION

The ADA expressly provides for the confidentiality of employee medical information that has been disclosed to an employer in three circumstances: when medical examination is required as a condition of employment; when medical information is disclosed in connection with a voluntary employee health program; and when an employer makes "inquiries into the ability of an employee to perform job-related functions." 42 U.S.C. § 12112(d). In this case, the EEOC took the position that beyond these clear statutory provisions, an employer is also

legally obligated to maintain the confidentiality of medical information which an employee volunteers to his employer in relation to a request for an accommodation to a disability.

Seven-Eleven correctly points out that there is a little or no law supporting the EEOC's position. In fact, the Eleventh Circuit, ruling squarely on the relevant issue, held that "voluntary disclosures initiated by the employee" are not covered by the statute. Given the paucity of law supporting the EEOC's position, the agency's wisdom in pursuing this case can be questioned.

Nonetheless, the Court finds that the EEOC did not act frivolously or unreasonably. The Ninth Circuit has never ruled on the relevant legal issue directly. Where a case involves legal issues "not previously resolved by this circuit" the Ninth Circuit has not granted attorney's fees for prevailing defendant. Dooley v. Reiss, 736 F.2d 1392, 1396 (9th Cir. 1984). The EEOC also argues that it was not unreasonable to rely on the agency's own Enforcement Guidance; the Ninth Circuit has in the past looked to the Enforcement Guidance to support its holdings. Leonel v. American Airlines, Inc., 400 F.3d 702, 708 (9th Cir. 2005). Based on the foregoing, the Court finds that the EEOC's claims were not unreasonable or frivolous.

CONCLUSION

For the foregoing reasons, the Special Master hereby

RECOMMENDS that Seven-Eleven's motion for attorney's fees be DENIED.

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawaii, August 25, 2008.



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

U.S. Equal Employment Opportunity Commission v. Seven-Eleven of Hawaii, Inc.; Civ. No. 07-00478 SPK-BMK; ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES.